1  Abraham H. Tang, SBN 186334
   LONG WILLIAMSON & DELIS
2  5 Hutton Centre Drive, Suite 1000          E-filing
3  Santa Ana, California 92707
   (714) 668-1400/(714) 668-1411 (fax)
4  atang@lw-d.com

5  Attorneys for Plaintiff
6  LOOMIS FARGO & CO., INC.

7

8                      UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10

11  LOOMIS FARGO & CO., INC.,              )  CASE NO.    C07-04054
12                                         )
       Plaintiff,                          )
13                                         )  **COMPLAINT OF LOOMIS FARGO &**
                                           )  **CO., INC. FOR C.O.G.S.A. RE:**
14  vs.                                    )  **IMPLIED AND EQUITABLE**
                                           )  **INDEMNIFICATION CLAIM (46**
15  MATSON NAVIGATION COMPANY;             )  **U.S.C.A. § 30701 note, formerly 46 App.**
    SSA TERMINALS, and DOES 1-100,         )  **U.S.C.A. § 1300 et seq.);**
16  inclusive,                             )  **SUPPLEMENTAL JURISDICTION**
17                                         )  **CLAIM ARISING FROM**
       Defendants.                         )  **CALIFORNIA COMMON AND/OR**
18                                            **STATUTORY LAW CLAIM FOR**
19                                            **IMPLIED AND EQUITABLE**
                                              **INDEMNIFICATION;**
20

21                                            **DEMAND FOR JURY TRIAL**

22

23       Plaintiff Loomis Fargo & Co., Inc. ("Loomis"), by its undersigned attorneys, alleges as

24  follows, upon actual knowledge with respect to itself and its own acts, and upon information and

25  belief as to all other matters:

26                            **NATURE OF THE ACTION**

27       1. This is a civil action arising out of loss occurring at the Port of Oakland in Northern

28  California on or about April 6, 2006 wherein approximately $78,500 in coins belonging to First

    Hawaiian Bank were stolen while in the possession of Defendants Matson Navigation Company

                                           1

1   and/or SSA Terminals, and/or their respective agents or servants. Loomis had contracted with

2   First Hawaiian Bank to ship said coins to First Hawaiian by way of domestic port and shipment

3   from Northern California to Hawaii. Subsequent to April 6, 2006, First Hawaiian Bank tendered

4   a claim for the loss of said coins. Loomis thereafter paid First Hawaiian Bank for the loss of said

5   coins, while reserving at all times up until that time, and anytime thereafter, to all rights of

6   indemnification, including equitable, implied and/or express, against any and all negligent parties

7   causing, in part or in whole, jointly or severally, the loss of the First Hawaiian coins.

8                                      **THE PARTIES**

9       2. Loomis is a corporation doing business and subject to jurisdictional jurisprudence in

10  Northern California within the jurisdiction of this federal district court.

11      3. Matson Navigation Company is informed and believed to conduct business out of the

12  Port of Oakland, which has an office out of Oakland, California and based thereon, Loomis is

13  informed and believes Matson has subjected itself to the jurisdiction of this federal district court.

14      4. SSA Terminals, Inc. is informed and believed to conduct business out of the Port of

15  Oakland, which has an office out of Oakland, California and based thereon, Loomis is informed

16  and believes Matson has subjected itself to the jurisdiction of this federal district court.

17                                 **JURISDICTION AND VENUE**

18      5. This action, in part, arises out of the Carriage of Goods by the Sea Act, or C.O.G.S.A.,

19  (46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq.) under federal maritime

20  law to which this federal district court has concurrent subject matter jurisdiction with state courts

21  over *in personam* civil claims pursuant to 28 U.S.C. § 1333(1).

22      6. This action may arise out of an alleged purported agreement regarding any and all

23  claims against Matson that, pursuant to the purported agreement, any type of claim brought

24  against Matson by a party deemed to be in privity with Matson or subject to the conditions of the

25  purported agreement, must be filed and brought within this federal district court. Loomis

26  disputes Matson's claim and is not waiving any and all rights that it or may have in seeking to

27  remove this action to another appropriate venue such as state court under 28 U.S.C. § 1333(1),

28  should the law and/or facts deem appropriate at a later time.

2

1   7. This action also arises out of Loomis' California state law claim for implied and/or

2   equitable indemnification. The legal authorities are unclear as to whether the indemnification

3   claims at issue fall under C.O.G.S.A. or under California state law, or both. Loomis pleads both

4   in the alternative. This court has subject matter jurisdiction over C.O.G.S.A. and, pursuant to 28

5   U.S.C. Sections 1367, may exercise supplemental jurisdiction over the alleged state law claims

6   as the alleged claims arise out of the same nucleus of alleged facts giving rise to the federal

7   question claim. Loomis requests that the Court exercise its supplemental jurisdiction to

8   adjudicate the below-described state law claims.

9   8. This court has personal jurisdiction over Defendants, and venue is proper in the

10  Northern District of California pursuant to 28 U.S.C. Sections 1391(c) and 1391(g). Loomis is

11  informed and believe that both Defendants reside and do business in this District, have a

12  substantial number of contacts in said District, and that a substantial portion of the Defendants'

13  alleged wrongful conduct, or either of theirs, took place within this District.

14  **FACTUAL BACKGROUND AND DEFENDANTS' WRONGFUL CONDUCT**

15  9. For all relevant periods of time referred to in this action on and before April 6, 2006,

16  Loomis Fargo & Co., Inc. and First Hawaiian Bank (hereinafter "FHB") had a contractual

17  agreement for Loomis to transport FHB's money currency and coins.

18  10. Subject to said contractual agreement, on or about April 6, 2006, Loomis agreed to

19  ship money coins on dozens of pallets totaling $78,500 (said shipment of coins of which are

20  hereinafter referred to as the "goods") from or near Richmond, California to Honolulu, Hawaii.

21  11. The goods, which Loomis is informed and believes belonged to FHB, were loaded

22  into a container (hereinafter the "Container") by Loomis and/or its agents.

23  12. The Container was locked by Loomis and driven to the Port of Oakland by a transport

24  company.

25  13. Loomis is informed and believe that said transport company delivered said Container

26  to Defendant SSA Terminals (hereinafter "SSA") at the Port of Oakland, at which point SSA

27  took possession of said Container and, impliedly if not expressly, warranted and/or assured that

28  said Container would be secured, safeguarded, transported, loaded, unloaded, shipped and/or

3

COMPLAINT OF LOOMIS FARGO & CO., INC.

1   delivered safely, reasonably, and in the same, if not substantially similar condition in which said
2   Container and the goods therein were received.

3       14. Loomis is informed and believes that, pursuant to its custom and practice or
4   otherwise, SSA and/or its agents or representatives, had placed its instrument, device or lock on
5   said Container containing the goods therein. Loomis is informed and believes that, after SSA
6   took possession of said Container and the goods therein, later that same night on April 6, 2006
7   and/or during the early morning hours of April 7, 2006, the lock placed on said Container by
8   Loomis, as well as that instrument, device or lock placed on the Container by SSA's agent and/or
9   representatives were broken into after the area in which the Container was stored, loaded,
10  secured or warehoused had been broken into or breached without SSA and/or its agents and/or
11  representatives' authorization.

12      15. As a result, that person or those persons who breached said area where the Container
13  was located, after breaking the lock placed on the Container by Loomis and the instrument,
14  device and/or lock placed on it by SSA, stole, converted and/or took without proper consent the
15  goods therein.

16      16. During a portion of, if not the entire time, that SSA was in possession of said
17  Container containing the goods, and the goods themselves before they were stolen from the
18  Container, Loomis is informed and believes that Defendant Matson was jointly and/or severally
19  with SSA responsible for taking reasonable action regarding the ensuring, securing,
20  warehousing, storing, transporting, loading, unloading, and/or shipping of said Container and the
21  goods therein from the point of delivery to SSA, or anytime thereafter, until the point of delivery
22  of said Container and the goods therein to consignee in Honolulu, Hawaii.

23      17. Because the goods in question were stolen, taken and/or converted from said
24  Container during the time in which SSA and/or Matson were jointly and/or severally responsible
25  for ensuring, securing, warehousing, storing, transporting, loading, unloading, and/or shipping
26  said Container, and the goods therein, to the owner of the goods, or FHB, FHB was damaged in
27  an amount of at least $78,500 for the theft, loss, or conversion of said goods.

28

4

COMPLAINT OF LOOMIS FARGO & CO., INC.

1    18. Sometime after the coins were stolen, upon FHB's demand, Loomis agreed to pay
2    FHB the full value of the goods lost, i.e., $78,500, despite the fact that Loomis was informed and
3    believed that it was not in any way at fault or responsible for the damage, loss, theft or
4    conversion suffered by FHB. After agreeing to pay on this claim, Loomis did, in fact, pay FHB
5    this claim in full.

6    19. As a result of paying out this claim, Loomis is entitled to seek equitable and/or
7    implied indemnification for the entire $78,500 from SSA and/or Matson, jointly and/or severally.
8    Loomis accordingly now files its action herein for equitable indemnity and implied indemnity
9    and seeks judgment in its favor in said amount, in addition to any and/or all other monetary and
10   non-monetary remedies and forms of relief to which it is or may be entitled, including but not
11   limited to any statutory or contractual attorneys' fees and/or costs.

12   ## INJURY TO LOOMIS

13   20. FHB sustained a loss of its property, i.e., $78,500 in lost coins, arising from the direct
14   negligence in ensuring, securing, warehousing, storing, transporting, loading, unloading, and/or
15   shipping of said Container by Defendants. FHB tendered the claim against Loomis, with whom
16   it had contracted to transport said coins from Northern California to Hawaii. Loomis, disputing
17   any liability but not waiving any right of indemnification, agreed to pay FHB the $78,500, and
18   did, in fact pay FHB $78,500 after FHB tendered a demand for payment to Loomis. Upon
19   payment to FHB of the loss, Loomis has the right to seek indemnification against the negligent
20   tortfeasors, which Loomis is informed and believes to be Defendants Matson and SSA
21   Terminals.

22   ## FIRST CLAIM OF RELIEF

23   **Equitable and/or Implied Indemnification pursuant to C.O.G.S.A.**

24   **(46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq.)**

25   21. Loomis repeats and re-alleges each and every allegation set forth in paragraphs 1
26   through 20 above.

27   ///

28   ///

5

COMPLAINT OF LOOMIS FARGO & CO., INC.

22. Defendants' duties and/or obligations regarding the ensuring, securing, warehousing, storing, transporting, loading, unloading, and/or shipping of said Container may in part, or in whole, fall under the C.O.G.S.A. statutes.

23. Pursuant to C.O.G.S.A. and/or any borrowing statute or right of contract, Loomis is informed and believe to possess the right of equitable and/or implied indemnification.

24. After the loss, FHB tendered a claim for $78,500 against Loomis arising out of the loss of its property, i.e., $78,500, caused by Defendants Matson and/or SSA Terminals, jointly or severally.

25. Loomis paid FHB $78,500 but reserved any and all rights of indemnification against any and all negligent tortfeasors, which included Defendants Matson and/or SSA Terminals.

26. Loomis alleges that Defendants Matson and SSA Terminals are jointly and severally liable to Loomis for equitable and/or implied indemnification as a result of the negligent conduct of Defendants in negligently ensuring, securing, warehousing, storing, transporting, loading, unloading, and/or shipping of said Container.

27. Loomis seeks $78,500 for the amount in paid to FHB as indemnification arising out of the negligence of Defendants causing FHB's loss.

## SECOND CLAIM OF RELIEF

**Equitable and/or Implied Indemnification pursuant to California state common law re: equitable indemnification and/or statutory contribution or implied indemnification pursuant to *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899.**

28. Loomis repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 above.

29. Defendants' duties and/or obligations regarding the ensuring, securing, warehousing, storing, transporting, loading, unloading, and/or shipping of said Container may in part, or in whole, fall under California state common law or statutory law.

///

///

6

1    30. Pursuant to California state common law or statutory law, Loomis possesses the right

2   of equitable and/or implied indemnification for any and all payments it made towards the alleged

3   losses claimed by FHB in the loss of the FHB coins at the hands of Defendants.

4   30. After the loss of the coins, FHB tendered a claim for $78,500 against Loomis arising out of

5   the loss of its property, i.e., $78,500, caused by Defendants Matson and/or SSA Terminals,

6   jointly or severally.

7    31. Loomis paid FHB $78,500 but reserved any and all rights of indemnification against

8   any and all negligent tortfeasors, which included Defendants Matson and/or SSA Terminals.

9    32. Loomis alleges that Defendants Matson and SSA Terminals are jointly and severally

10  liable to Loomis for equitable and/or implied indemnification as a result of the negligent conduct

11  of Defendants in negligently ensuring, securing, warehousing, storing, transporting, loading,

12  unloading, and/or shipping of said Container.

13    33.  Loomis seeks $78,500 for the amount in paid to FHB as indemnification arising out

14  of the negligence of Defendants causing FHB's loss.

15                            **PRAYER FOR DAMAGES**

16    Wherefore, Loomis as Plaintiff requests that this Court enter judgment in its favor on

17  each and every claim for relief set forth above and award relief including, but not limited to, the

18  following:

19    1.  An order awarding damages in equitable and/or implied indemnification arising from

20        Loomis' pay-out to FHB of $78,500 against Defendants Matson and SSA Terminals,

21        jointly and severally.

22    2.  An order awarding any and all other appropriate fees and costs, as allowed by statute

23        or as the court in its lawful discretion deems proper and/or appropriate.

24  ///

25  ///

26  ///

27  ///

28  ///

7

COMPLAINT OF LOOMIS FARGO & CO., INC.

## DEMAND FOR JURY TRIAL

Loomis as Plaintiff hereby demands a jury trial as to any and all its claims, jointly or severally.

DATED: August 7, 2007                    LONG WILLIAMSON & DELIS

BY: _____
ABRAHAM HOANG
Attorneys for Plaintiff
LOOMIS FARGO & COMPANY

8

COMPLAINT OF LOOMIS FARGO & CO., INC.