Marilyn Raia, SBN 072320
E-mail:marilyn.raia@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Defendant Matson Navigation Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Loomis Fargo & Co., Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Matson Navigation Company; SSA Terminals; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: C07-04054 TEH <br><br> **ANSWER TO UNVERIFIED COMPLAINT** |

Matson Company, Inc. [Matson] responds to plaintiff's unverified complaint as follows:

1.  Matson lacks sufficient information and belief to respond to the allegations of paragraph 1 and on that basis denies each and every allegation contained therein.

2.  Matson lacks sufficient information and belief to respond to the allegations of paragraph 2 and on that basis denies each and every allegation contained therein.

3.  Matson admits the allegations of paragraph 3.

4.  Matson admits the allegations of paragraph 4.

5.  Matson admits the allegations of paragraph 5.

6.  The allegations of paragraph 6 are unintelligible and on that basis Matson denies them.

7.  Matson denies the allegations of paragraph 7.

8. Matson admits that the Court has in personam jurisdiction over it and that venue is proper in this district. Except as admitted, Matson denies the allegations of paragraph 8.

9. Matson lacks sufficient information and belief to respond to the allegations of paragraph 9 and on that basis denies each and every allegation contained therein.

10. Matson lacks sufficient information and belief to respond to the allegations of paragraph 10 and on that basis denies each and every allegation contained therein.

11. Matson lacks sufficient information and belief to respond to the allegations of paragraph 11 and on that basis denies each and every allegation contained therein.

12. Matson lacks sufficient information and belief to respond to the allegations of paragraph 12 and on that basis denies each and every allegation contained therein.

13. Matson lacks sufficient information and belief to respond to the allegations of paragraph 13 and on that basis denies each and every allegation contained therein.

14. Matson lacks sufficient information and belief to respond to the allegations of paragraph 14 and on that basis denies each and every allegation contained therein.

15. Matson lacks sufficient information and belief to respond to the allegations of paragraph 15 and on that basis denies each and every allegation contained therein.

16. Matson denies the allegations of paragraph 16.

17. Matson denies the allegations of paragraph 17 and further denies that FHB which is not a party to this case was damaged in any amount.

18. Matson lacks sufficient information and belief to respond to the allegations of paragraph 18 and on that basis denies each and every allegation contained therein.

19. Matson denies the allegations of paragraph 19 and further denies that Loomis suffered any damages and/or is entitled to indemnity in any amount.

20. Matson denies the allegations of paragraph 20, that FHB and Loomis suffered a loss in any amount and that Loomis is entitled to indemnity.

21. Matson repeats and realleges its responses to paragraphs 1 through 20 as though fully set forth herein.

22. Matson admits that COGSA governs this action. Except as admitted herein, Matson denies the allegations of paragraph 22.

23. Matson denies the allegations of paragraph 23.

24. Matson lacks sufficient information and belief to respond to the allegations of paragraph 24 and on that basis denies each and every allegation contained therein.

25. Matson lacks sufficient information and belief to respond to the allegations of paragraph 25 and on that basis denies each and every allegation contained therein.

26. Matson denies the allegations of paragraph 26.

27. Matson denies the allegations of paragraph 27 and further denies that Loomis has been damaged in any amount.

28. Matson repeats and re-alleges its responses to paragraphs 1 to 27 as though fully set forth herein.

29. Matson denies the allegations of paragraph 29.

30. Matson denies the allegations of paragraph 30.

31. Matson lacks sufficient information and belief to respond to the allegations of paragraph 31 and on that basis denies each and every allegation contained therein.

32. Matson denies the allegations of paragraph 32.

33. Matson lacks sufficient information and belief to respond to the allegations of paragraph 33 and on that basis denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

As and for a first further separate and affirmative defense Matson alleges that plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As and for a second further separate and affirmative defense Matson alleges that plaintiff's complaint is barred by the applicable statutes of limitations, including the one year time period found in the Carriage of Goods by Sea Act.

### THIRD AFFIRMATIVE DEFENSE

As and for a third further separate and affirmative defense, Matson alleges that if plaintiff suffered any damages, which damages are denied, said damages proximately resulted from the acts and/or omissions of third parties for which Matson is not vicariously liable.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth further separate and affirmative defense, Matson alleges that it is entitled to all the benefits, exemptions and limitations contained in its bill of lading and tariffs.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth further separate and affirmative defense, Matson alleges that plaintiff has unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth further separate and affirmative defense, Matson alleges that plaintiff's state law claims are pre-empted by federal law.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh further separate and affirmative defense, Matson alleges that if plaintiff suffered any damages, which damages are denied, said damages were proximately caused by intervening criminal conduct.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth further separate and affirmative defense, Matson alleges that it is entitled to all of the benefits, exemptions and limitations contained in the US Carriage of Goods by Sea Act.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth further separate and affirmative defense, Matson alleges it is not liable for the alleged loss of currency per the terms and condition of its bill of lading and/or tariff, and more specifically paragraph 23 of the bill of lading.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth further separate and affirmative defense, Matson alleges that plaintiff's complaint is barred by the Time for Suit provision in its bill of lading at paragraph 20.

1  WHEREFORE, Matson prays that plaintiff's complaint be dismissed and that Matson be
2  awarded its costs of suit and such other relief as the Court may deem just.

4  DATED: September 20, 2007

BULLIVANT HOUSER BAILEY PC

By *Marilyn Raia*
Marilyn Raia

Attorneys for Defendant Matson Navigation Company