Thomas R. Beer (148175), tbeer@barwol.com
Tino X. Do (221346), tdo@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendant
SSA TERMINALS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOOMIS FARGO & CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MATSON NAVIGATION COMPANY; SSA TERMINALS, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: C07-04054-TEH<br><br>**DEFENDANT SSA TERMINALS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: August 7, 2007 |

Defendant SSA TERMINALS ("SSAT" or "Defendant"), a corporation, hereby answers the Complaint of Plaintiff LOOMIS FARGO & CO., INC. ("Loomis" or "Plaintiff") as follows:

1. Answering paragraph one, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering paragraph two, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. Answering paragraph three, SSAT admits the allegations contained in said paragraph.

4. Answering paragraph four, SSAT admits the allegations contained in said paragraph.

5. Answering paragraph five, SSAT admits the allegations contained in said paragraph.

6. Answering paragraph six, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

7. Answering paragraph seven, SSAT denies the allegations contained in said paragraph.

8. Answering paragraph eight, SSAT admits that the Court has in personam jurisdiction over it and that venue is proper in the Northern District of California. Except as admitted, SSAT denies the remaining allegations contained in said paragraph.

9. Answering paragraph nine, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

10. Answering paragraph ten, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

11. Answering paragraph eleven, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

12. Answering paragraph twelve, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

13. Answering paragraph thirteen, SSAT admits that a transport company delivered a container in a trailer to the Port of Oakland on April 6, 2006, and that SSAT took possession of that container. Except as admitted, SSAT denies the remaining allegations contained in said paragraph.

14. Answering paragraph fourteen, SSAT admits that it placed metal bands on the container on April 6, 2007, and that those metal bands were discovered broken on April 7, 2006. Except as admitted, SSAT is without information and belief sufficient to respond to the remaining



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

15. Answering paragraph fifteen, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

16. Answering paragraph sixteen, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

17. Answering paragraph seventeen, SSAT denies the allegations contained in said paragraph.

18. Answering paragraph eighteen, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

19. Answering paragraph nineteen, SSAT denies the allegations contained in said paragraph.

20. Answering paragraph twenty, SSAT denies the allegations contained in said paragraph.

21. Answering paragraph twenty-one, SSAT repeats and realleges its responses to paragraphs 1 through 20 as though fully set forth herein.

22. Answering paragraph twenty-two, SSAT admits that the Carriage of Goods by the Sea Act, or C.O.G.S.A., (46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq.) governs this action. Except as admitted, SSAT denies the remaining allegations contained in said paragraph.

23. Answering paragraph twenty-three, SSAT denies the allegations contained in said paragraph.

24. Answering paragraph twenty-four, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

25. Answering paragraph twenty-five, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

26. Answering paragraph twenty-six, SSAT denies the allegations contained in said paragraph.

27. Answering paragraph twenty-seven, SSAT denies the allegations contained in said paragraph.

28. Answering paragraph twenty-eight, SSAT repeats and realleges its responses to paragraphs 1 through 27 as though fully set forth herein.

29. Answering paragraph twenty-nine, SSAT denies the allegations contained in said paragraph.

30. Answering paragraph thirty, SSAT denies the allegations contained in said paragraph.

31. Answering paragraph thirty-one, SSAT is without information and belief sufficient to respond to the allegations contained in said paragraph, and on that basis denies each and every remaining allegation therein.

32. Answering paragraph thirty-two, SSAT denies the allegations contained in said paragraph.

33. Answering paragraph thirty-two, SSAT denies the allegations contained in said paragraph.

**FIRST AFFIRMATIVE DEFENSE**

**[Failure to State a Cause of Action]**

The Complaint fails to state a cause of action against SSAT upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**[Federal Law Preemption]**

Plaintiff's state law claims are pre-empted by federal law, specifically the Carriage of Goods by the Sea Act, or C.O.G.S.A. (46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

seq.).

**THIRD AFFIRMATIVE DEFENSE**

**[Carriage of Goods by the Sea Act]**

SSAT is entitled to all benefits, exceptions, and limitations contained in the Carriage of Goods by the Sea Act, or C.O.G.S.A., (46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq.), which governs this action.

**FOURTH AFFIRMATIVE DEFENSE**

**[Statutes of Limitations]**

The Complaint is barred by the applicable statutes of limitations, including the one-year time period found in the Carriage of Goods by the Sea Act, or C.O.G.S.A., (46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq.), which governs this action.

**FIFTH AFFIRMATIVE DEFENSE**

**[Bill of Lading]**

SSAT is entitled to all benefits, exemptions and limitations contained in the Bill of Lading.

**SIXTH AFFIRMATIVE DEFENSE**

**[Paragraph 20 of the Bill of Lading]**

The Complaint is barred by the Time of Suit provision in Paragraph 20 of the Bill of Lading

**SEVENTH AFFIRMATIVE DEFENSE**

. **[Paragraph 23 of the Bill of Lading]**

SSAT is not liable for the alleged loss of currency pursuant to the terms and conditions of the Bill of Lading and/or Tariff, specifically Paragraph 23 of the Bill of Lading.

**EIGHTH AFFIRMATIVE DEFENSE**

**[Acts of Others]**

The injuries and/or damages complained of by Plaintiff were proximately caused and contributed to by the negligence and/or intentional acts of third persons, Doe defendants and/or persons not yet parties to this lawsuit.



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

**NINTH AFFIRMATIVE DEFENSE**

**[Unclean Hands]**

Plaintiff is barred from maintaining its Complaint because of its unclean hands with respect to the events upon which the Complaint is allegedly based.

**TENTH AFFIRMATIVE DEFENSE**

**[Comparative Negligence]**

Plaintiff did not exercise ordinary care, caution or prudence to avoid the alleged accident and/or resulting injuries and damages, if any, sustained by Plaintiff. The alleged accident was proximately contributed to and/or caused by the failure of Plaintiff to exercise ordinary care, caution or prudence to avoid the alleged accident.

**ELEVENTH AFFIRMATIVE DEFENSE**

**[Proximate Cause]**

Plaintiff's damages, if any, were proximately cause by the intervening criminal conduct and action of others and not SSAT or SSAT's agents.

**TWELFTH AFFIRMATIVE DEFENSE**

**[Defendant's Reasonable Diligence]**

SSAT is not liable for the injuries alleged in Plaintiff's Complaint on the ground that SSAT exercised reasonable diligence to discharge any and all duties which may have been owed to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**[Reservation of Rights]**

SSAT alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Therefore, SSAT reserves herein the right to assert additional defenses in the event that discovery indicates such defenses are appropriate.



BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

WHEREFORE, SSAT prays that Plaintiff take nothing by reason of the Complaint herein, and that SSAT be granted judgment against Plaintiff, and recover costs of suit incurred herein, and such other and further relief as the Court may deem proper.

DATE: October 10, 2007

BARGER & WOLEN LLP

By: /s/ Thomas R. Beer
THOMAS R. BEER
TINO X. DO
Attorneys for Defendant
SSA TERMINALS

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800