Abraham H. Tang, SBN 186334
LONG WILLIAMSON & DELIS
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 668-1400/(714) 668-1411 (fax)
ahtang@lw-d.com

Attorneys for Plaintiff
LOOMIS FARGO & CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOMIS FARGO & CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> MATSON NAVIGATION COMPANY; SSA TERMINALS, and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. C07-04054 TEH <br><br> Assigned to: Honorable Thelton E. Henderson <br><br> **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)** |

**TO THE HONORABLE THELTON E. HENDERSON:**

**COME NOW**, the Parties to this above-captioned matter herein file their Joint Case Management Statement pursuant to Civil Local Rule 16-9 as follows:

1. <u>Jurisdiction and Service:</u> Plaintiff filed this action in federal court, asserting that this action, in part, arises out of the Carriage of Goods by the Sea Act ("C.O.G.S.A."), 46 U.S.C.A. § 30701 note, formerly 46 App. U.S.C.A. § 1300 et seq. Plaintiff also contends that part of this action is founded under California state law. Defendants claim that C.O.G.S.A. governs all claims in this case and will base affirmative defenses upon this Act. Plaintiff asserts that its claims are founded upon California state law, but may or may not be founded upon C.O.G.S.A. The parties do not dispute personal jurisdiction.

1

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**

At this time, venue is not disputed by the parties. However, Plaintiff reserves the right to change venue depending on what facts, and applicable law, are uncovered during discovery. Plaintiff requests that the Court, at its discretion, set a Motion to Change Venue deadline in April 2008 or thereabouts.

2. <u>Facts:</u> Plaintiff alleges that on or about April 6, 2006, a pallet of coins valued at $78,500 in a closed container was transported to the Port of Oakland facility operated by Defendant SSA Terminals by a tractor trailer hired by Plaintiff Loomis. This container, among other cargo, was ultimately destined for domestic shipment to Hawaii through Defendant Matson. Plaintiff alleges that the shipment of the pallet of coins was by way of contract between the Federal Reserve Bank in San Francisco and Loomis, and that the pallet of coins belonged to First Hawaiian Bank. Plaintiff alleges that after the incident, First Hawaiian Bank tendered a demand to Loomis for payment of $78,500, which Loomis ultimately paid. Loomis now seeks indemnification against the Defendants SSA Terminals and Matson. Defendants allege that Plaintiff Loomis contracted with Defendant Matson, pursuant to a bill of lading, to transport the container to Hawaii. Defendants further allege that Plaintiff Loomis did not declare any actual value to the contents of the container, and only declared that it contained "coins or currency." After the tractor trailer dropped off the container at SSA Terminals, Inc. at a secured and protected holding yard owned, operated and/or secured by SSA Terminals or Matson, the container was broken into and its contents were stolen. Investigation thereafter revealed that the locks on the container in the secured facility had been broken into and that a video camera that was supposed to be aimed in the direction of the trailer container (among other containers) had been turned away.

3. <u>Legal Issues:</u> Defendants allege that Plaintiff's claims are barred, in whole or in part pursuant to certain provisions of C.O.G.S.A. and/or the purported Matson bill of lading with Loomis. These defenses include the expiration of the 1-year "Time for Suit" provision, the exclusion for damages to "coins" or "currency" under the "Valuable Goods" provision, and the limitation of liability pursuant to the "Limitation of Carrier's

Liability: Agreed Value" provision. Plaintiff Loomis disputes the applicability of these defenses.

4. <u>Motions:</u> Defendants anticipate filing motions for summary judgment or partial summary judgment regarding the above legal issues. Plaintiff may do so as well. The parties request that the Court, at its discretion, set a deadline for the hearing of such motions by August 31, 2008.

5. <u>Amendment to Pleadings:</u> Plaintiff anticipates that it may add one cause of action for breach of implied or express bailment contract under California law, and will request that the Court exercise supplemental jurisdiction over such claim. If it does so, it will first seek stipulation to amend the Complaint with Defense counsel. Matson may file a counterclaim for indemnity against SSA.

6. <u>Evidence Preservation:</u> Not an issue at this time. The parties' counsel have agreed to admonish their respective clients to not delete or destroy any existing electronic information, communications or data relating to the facts and issues set forth above.

7. <u>Disclosures:</u> The parties anticipate full and timely Rule 26(a) disclosures by the Court's November 13, 2007 deadline.

8. <u>Discovery:</u> No discovery has been taken to date. Discovery will depend on what information is revealed in the parties' anticipated Rule 26(a) disclosures. The parties cannot anticipate exactly what discovery will be needed. However, it is likely that the parties will exchange written discovery and may take depositions of PMKs and non-party percipient witnesses.

9. <u>Class Actions:</u> Not an issue in this case.

10. <u>Related Cases:</u> None at this time.

11. <u>Relief:</u> Plaintiff seeks $78,500 in compensatory damages for the loss of the pallet of coins at this time. Defendants have not and do not intend to file counterclaims, with the possible exception of Matson filing a counterclaim against SSA as alluded to above.

12. <u>Settlement and ADR:</u> The parties have agreed to an Early Neutral Evaluation and are also willing to participate in mediation or at a mandatory settlement conference. Defense

3

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**

counsel request that any mediator assigned to the matter have familiarity with maritime law. It is unclear what the prospects of settlement are. However, Plaintiff has served respective demands on each Defendant. An Early Neutral Evaluation within ninety (90) days is requested.

13. <u>Consent to Magistrate Judge for All Purposes:</u> The parties do not consent to a Magistrate Judge for all purposes, but do consent to a Magistrate Judge to, if necessary, participate in mediation, Early Neutral Evaluation and/or a Mandatory Settlement Conference.

14. <u>Other References:</u> The case is not suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u> Notwithstanding the issues raised in no. 3 above, there is no narrowing of issues sought at this time.

16. <u>Expedited Schedule:</u> Not necessary. However, Plaintiff requests that, if the factual issues regarding no. 3 above are undisputed, that motions for summary judgment or partial summary judgment be expedited in filing.

17. <u>Scheduling (Proposed by the Parties):</u>

    a. Early Neutral Evaluation              March 1, 2008
    b. Motion to Change Venue             April 30, 2008
    c. Discovery Cut-off                    June 30, 2008
    d. Expert Designation (if any)           June 30, 2008
    e. Expert Discovery Cut-off             August 15, 2008
    f. Dispositive Motion Cut-off           August 31, 2008
    g. Pre-Trial Conference                September 15, 2008
    h. Trial                                      October 6, 2008

18. <u>Trial:</u> Defendants contend that the claims are limited to a non-jury trial under maritime law. Plaintiff contends that its state law claim for indemnification (and possibly, state law claim for breach of implied bailment contract), and the contractual defenses Defendants anticipate raising, are triable before a jury and, accordingly, requests a jury trial.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Completed. The parties have certified that as of this date, other than the named parties, there are no other persons, partnerships, corporations, (including parent corporations) or other entities known by the parties to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding.

20. <u>Such other matters for consideration:</u> None at this time.

DATED: November 13, 2007       LONG WILLIAMSON & DELIS

                               BY: /s/ Abraham H. Tang
                               ABRAHAM H. TANG
                               Attorneys for Plaintiff
                               LOOMIS FARGO & COMPANY

DATED: November ___, 2007      BULLIVANT HOUSER BAILEY PC


                               _____
                               MARILYN RAIA, Esq.
                               Attorneys for Defendant
                               MATSON NAVIGATION COMPANY

DATED: November ___, 2007      BARGER & WOLEN LLP


                               _____
                               TINO X. DO, Esq.
                               Attorneys for Defendant
                               SSA TERMINALS, INC.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)**

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Completed. The parties have certified that as of this date, other than the named parties, there are no other persons, partnerships, corporations, (including parent corporations) or other entities known by the party to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding.

20. <u>Such other matters for consideration:</u> None at this time.

DATED: November ___, 2007        LONG WILLIAMSON & DELIS

ABRAHAM H. TANG, Esq.
Attorneys for Plaintiff
LOOMIS FARGO & COMPANY

DATED: November 13, 2007        BULLIVANT HOUSER BAILEY PC

MARILYN RAIA, Esq.
Attorneys for Defendant
MATSON NAVIGATION COMPANY

DATED: November 13, 2007        BARGER & WOLEN LLP

/s/ Tino X. Do
TINO X. DO, Esq.
Attorneys for Defendant
SSA TERMINALS, INC.

5

JOINT CASE MANAGEMENT STATEMENT